LAW OFFICES OF BUCHSBAUM & HAAG, LLP
BRENT S. BUCHSBAUM, CSBN: 194816
*brent@buchsbaumhaag.com*
LAUREL N. HAAG, CSBN: 211279
*laurel@buchsbaumhaag.com*
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone: (562) 733-2498
Facsimile:  (562) 628-5501

Attorneys for Plaintiff, Joshua Leyba

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER PARGA, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>TERRA MILLENNIUM CORPORATION DBA JT THORPE & SON INC.; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR: 2:23-cv-2909**<br><br>(1) Disability Discrimination;<br>(2) Wrongful Termination in Violation of Public Policy;<br>(3) Failure to Accommodate in Violation of the FEHA;<br>(4) Failure to engage in Interactive Process;<br>(5) Retaliation in Violation of the FEHA<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Javier Parga ("Plaintiff") complains and alleges as follows:

**INTRODUCTION**

1.    This is an action brought by the PLAINTIFF, pursuant to California statutory, decisional, and regulatory laws. PLAINTIFF was an employee of Defendant TERRA MILLENNIUM CORPORATION DBA JT THORPE & SON INC. ("DEFENDANT") at all times herein mentioned.

2.    PLAINTIFF alleges that California statutory, decisional and

COMPLAINT

regulatory laws prohibit the conduct by Defendants herein alleged, and therefore PLAINTIFF has an entitlement to monetary relief on the basis that Defendant violated such statutes, decisional law and regulations.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper in this court by virtue of the Federal statutes, decisional law, and regulations.  Defendant JT Thorpe & Son, Inc. is a Delaware Corporation doing business in California, Los Angeles County.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

4.     Venue is proper in this Court because, upon information and belief, one or more of the named Defendant reside, transact business, or have offices within this District, and/or the acts and omissions alleged herein took place in this District.

## THE PARTIES

5.     Plaintiff Javier Parga ("PARGA" or "Plaintiff") is, and at all relevant times was, a citizen of the State of California, residing in Los Angeles County, California.  Plaintiff PARGA worked as a laborer for Defendant JT THORPE & SON INC. ("JT THORPE").

6.     Defendant JT THORPE was and is, upon information and belief, a California corporation, with a principal place of business located at 14540 Alondra Blvd., La Mirada, CA 90638. At all times hereinafter mentioned, Defendant JT THORPE, was an employer whose employees are engaged throughout this county, and the State of California.

7.     PLAINTIFF does not know the true names or capacities of the persons or entities sued herein as DOES 1 through 10, inclusive, and therefore, sues said Defendants by such fictitious names.  Each of the DOE Defendants was

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

in some manner legally responsible for the violations alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

8. At all times mentioned herein, the Defendants named as DOES 1 through 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured PLAINTIFF and aggrieved employees in the State of California.

9. At all times mentioned herein, each Defendant was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

10. Defendant JT THORPE and DOES 1 through 10 are collectively referred to herein as "DEFENDANTS."

## FACTUAL OVERVIEW

1. Plaintiff was hired by JT Thorpe & Son, Inc as a laborer in 2017. He primarily worked as a driver. Plaintiff suffered from several medical conditions including Cirrhosis, Hepatitis C, and two hernias. In December 2021, he began having issues related to his medical conditions which required a leave of absence. In June 2022, Plaintiff underwent surgery. He kept in constant communication with his supervisor about his medical status.

2. About October 2022, he was released to return to work with restrictions which included no ladders or lifting more than 10 lbs. He attempted to return to work and was directed to speak with Manager Carol Bautista, who took over for the previous manager, Ernie. Bautista told Plaintiff that she could not accommodate his restrictions. Then, on January 8, 2023, he was released to return to work with no restrictions. He provided the release to Manager Bautista. She

told him not to come to the warehouse; she would reach out to him.  She also said there was no work but around the same time she had requested many workers from the union for a big project.

3.	To date, Plaintiff has not heard back from Defendant.

## **FIRST CAUSE OF ACTION**

### **Disability Discrimination – Disparate Treatment**

### **[Cal. Gov. Code § 12940(a)]**

### **(By Plaintiff Against All Defendants)**

4.	Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

5.	At all times herein mentioned, California Fair Employment and Housing Act Government Code §§ 12940, *et seq.* ("FEHA"), was in full force and effect and was binding on Defendants.  Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require Defendants to refrain from discriminating against any employee on the basis of disability or medical condition, or because an employee was associated with someone with a disability.  Plaintiff has exhausted his administrative requirements under the FEHA and has obtained a Right-to-Sue Letter.

6.	The foregoing conduct by Defendants violates the FEHA, Government Code § 12940(a), which provides that discrimination of employees on the basis of disability, or association with someone with a disability is an unlawful employment practice. The discrimination by Defendants of Plaintiff based on his disability violates Government Code § 12940(a).

7.	Plaintiff's disabilities were a substantial motivating factor in Defendants' decisions to change his conditions of employment and ultimately

COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

terminate Plaintiff. Such discrimination violates Government Code § 12940(a) and has resulted in damage to Plaintiff.

8. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing him damages in an amount to be determined at trial and according to proof.

9. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

10. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

11. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

### SECOND CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(By Plaintiff Against all Defendants)**

12. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

13. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

14. It is a violation of substantial California public policy to discriminate against an employee because of his or her disability, or in retaliation for taking a protected medical leave of absence or requesting reasonable accommodations. See Government Code §12940(a)(h) and §12945.2.

15. Plaintiff was discharged because of his disability, serious health condition, disability-related medical leave and request for accommodation.

16. The foregoing conduct by Defendants violates substantial public policies of the State, and was a substantial factor in causing plaintiff harm, including the termination of her employment, emotional distress, personal injury, loss of benefits and other associated damage, in an amount to be determined at trial and according to proof.

17. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

//

//

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

### THIRD CAUSE OF ACTION

### Disability Discrimination – Failure to Reasonably Accommodate

### [Cal. Gov. Code § 12940(m)]

### (By Plaintiff Against All Defendants)

18.    Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

19.    At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§ 12940, *et seq.* was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an employer to provide reasonable accommodation to an employee with a known disability, pursuant to Government Code § 12940(m).

20.    Plaintiff provided notice to Defendants of his disability and/or medical condition, which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff concerning his disability.

21.    Defendants failed to provide reasonable accommodation as required by Government Code § 12940(m) and instead Defendants terminated Plaintiff's employment as a result of his disability rather provide him a reasonable leave to seek treatment.

22.    The foregoing conduct violates the Fair Employment and Housing Act, Government Code § 12940(m), which provides that the failure to provide reasonable accommodation to an employee with a known disability is an unlawful employment practice.

23.    As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing him damages in an amount to be determined at trial and according to proof.

COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

24.    As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

25.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.   Pursuant to Government Code §§12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

26.    The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## FOURTH CAUSE OF ACTION

**Disability Discrimination – Failure to Engage in the Interactive Process**

**[Cal. Gov. Code § 12940(n)]**

**(By Plaintiff Against All Defendants)**

27.    Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

28.    At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§ 12940, *et seq.* was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an

COMPLAINT

employer to provide reasonable accommodation to an employee with a known disability, pursuant to Government Code § 12940(n).

29.    Plaintiff provided notice to Defendants of his disability and/or medical condition, which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff concerning his disability.

30.    Defendants failed to engage in a good faith interactive process with Plaintiff in many instances as required by Government Code § 12940(m), and instead Defendants terminated Plaintiff's employment as a result of his disability, rather than provide him a reasonable leave pursuant to her doctor's request, or to discuss why his modified duty request was not reasonable, all without properly engaging in the interactive process.

31.    The foregoing conduct violates the Fair Employment and Housing Act, Government Code § 12940(m), which provides that the failure to provide reasonable accommodation to an employee with a known disability is an unlawful employment practice.

32.    As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing him damages in an amount to be determined at trial and according to proof.

33.    As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

34.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

35. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## FIFTH CAUSE OF ACTION

### Retaliation [Gov. Code § 12940(h)]

### (By Plaintiff Against all Defendants)

36. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

37. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

38. At all relevant times, the FEHA has precluded an employer from taking any adverse employment action against an employee who has engaged in protected conduct, such as complaining about harassment and requesting reasonable accommodations.

39. As alleged herein, Defendants retaliated against Plaintiff because he required reasonable accommodations.

COMPLAINT

40.    As a direct and proximate result of the retaliatory and illegal conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffers non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

41.    The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

**PRAYER FOR RELIEF**

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages according to proof, including loss of earnings, deferred compensation, unpaid wages, overtime and other employment benefits;

2. For general damages, according to proof;

3. For prejudgment interest on lost wages and benefits;

4. For any and all penalties and fees pursuant to the Labor Code;

5. For costs incurred by Plaintiff, including reasonable attorneys' fees as forth under the labor code and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights and Labor Codes, as set forth above; and

6. For such other and further relief as the court deems just and proper.

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

COMPLAINT

Dated:  April 18, 2023

LAW OFFICES OF BUCHSBAUM & HAAG
A Limited Liability Partnership

By _____
Laurel N. Haag, Attorneys for Plaintiff
JAVIER PARGA

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a jury trial.

Dated:  April 18, 2023

By _____
Laurel N. Haag, Attorneys for Plaintiff
JAVIER PARGA

BUCHSBAUM & HAAG, LLP
100 OEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

COMPLAINT